JOSEPH HAGEDORN *et al.* Appellees, *vs.* HARRIET B. BOR-
LAND, Appellant.

*Opinion filed April 22, 1915—Rehearing denied June 11, 1915.*

CLOUD ON TITLE—*when decree fixing boundary line and quiet-
ing title is erroneous.* A decree finding that the complainant has
been in the open, notorious and adverse possession of a certain
strip of land for more than twenty years and which fixes the bound-
ary line and quiets the complainant's title is erroneous, where the
decree arbitrarily fixes the depth of complainant's lot at 100 feet,
whereas the evidence merely authorizes a decree quieting title to
all that part of the strip of land lying west of a certain alley.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

TOLMAN & REDFIELD, and HENRY P. CHANDLER, for
appellant.

CHARLES W. LAMBORN, (ALMON W. BULKLEY, of
counsel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellees, Joseph Hagedorn, Mary Hagedorn, Cather-
ine Hagedorn and Minnie Empey, filed their bill of com-
plaint in the circuit court of Cook county against appellant,
Harriet B. Borland, to quiet title in them to the south half
of lot 9, in block 126, in School Section addition to Chi-
cago, it being alleged in the bill that the south half of said
lot 9 has a frontage of 25 feet on the east side of Clark
street between Harrison and Polk streets, in the city of
Chicago, and extends back from Clark street, east, a dis-
tance of 100 feet to an alley, and that appellant has taken
forcible possession of the east 4½ feet of said premises
and has commenced the construction of a concrete structure
thereon. Appellant answered the bill, denying that the east
4½ feet of the strip of land claimed by appellees are a part
of the south half of said lot 9, and denying that appellees
have any right, title or interest in or to the same. Appel-

lant also filed a cross-bill, in which she claimed that the 4½-foot strip in controversy is a part of lot 8, in said block 126, and belongs to her, and prayed that her title thereto be quieted. A hearing before the chancellor resulted in the entry of a decree finding the facts substantially as alleged in the original bill and granting to appellees the relief prayed for in their bill. From that decree appellant has prosecuted this appeal.

Block 126 of School Section addition to Chicago was subdivided by J. C. Goodhue in 1835 into three tiers of lots, each tier consisting of eight lots. The lots in the western tier fronted west on Clark street, those in the middle tier fronted east on what is now known as Federal street, and those in the eastern tier fronted west on Federal street. Lot 9, the south half of which is now owned by appellees, is in the western tier of lots fronting west on Clark street, and lot 8, which is now owned by appellant, is in the middle tier of lots fronting east on Federal street, and the east boundary line of said lot 9, according to the Goodhue plat, coincides with the west boundary line of said lot 8, no alley having been laid out by Goodhue between the western and middle tiers of lots in making the subdivision of the block. The recorded depth of the lots in the western tier, including said lot 9, is 115.5 feet from the east line of Clark street, and the recorded depth of the lots in the middle tier, including said lot 8, is 115 feet from the west line of Federal street. The eastern boundary line of each lot in the western tier coincides with the western boundary of the adjoining lot in the middle tier. In 1846 Clark street along said block 126 was widened by taking a strip of land 20 feet in width from the west side of the western tier of lots, so that the depth of those lots, including said lot 9, as shown on the Goodhue plat, was by the widening of Clark street reduced to 95.5 feet. Although no alley between the lots in the western tier fronting on Clark street and those in the middle tier fronting east on Federal

street was shown upon the plat of Goodhue's subdivision of block 126, yet from an early date the public has continuously used as an alley a strip of land about 10 feet in width extending across the rear of the lots in the middle tier from the north boundary line of the block to the south boundary line thereof, and the possession of the various owners of the lots fronting on Clark street and of those fronting on Federal street has at least for sixty years been substantially to the respective lines of this alley.

The decree in this case finds the distance from the present east line of Clark street to the west line of the alley to be 100 feet. It also finds that west of and adjoining the west line of the alley is a strip of land 4½ feet wide which was originally a part of the middle tier of lots; that at an early date the owner of the south half of said lot 9 erected a fence on the west line of the alley, and thereby inclosed with the south half of said lot 9 a strip of land 4½ feet wide which was originally a part of the south half of said lot 8, and that at least since 1866 appellees and their grantors have been in the actual, visible and exclusive possession of said 4½-foot strip, claiming to own the same as a part of the south half of said lot 9, and that by reason thereof title to the same by adverse possession has become and now is vested in them. The decree quiets the title of appellees to the south half of said lot 9, extending from the present east line of Clark street to a line 100 feet east thereof, and appellant is enjoined from interfering with the said premises and is ordered to remove all concrete and other work placed thereon and to fill all excavations made therein.

The sole ground urged by appellant for reversal is that the finding that the premises occupied by the appellees and those under whom they claim extended east from the present east line of Clark street 100 feet is not supported by the evidence. Appellant bases this contention principally upon the testimony of Morris L. Greeley, a surveyor, who

in October, 1908, and in April, 1909, made a survey of said block 126 for the purpose of determining the extent of possession by the owners of lots fronting on Clark street with reference to the line of division, as shown on the Goodhue plat, between those lots and the lots fronting east on Federal street. According to his testimony and according to a plat made by him, based on his survey, which was introduced in evidence by appellant, the fence in the rear of appellees' premises before it was removed by appellant, in 1912, was two feet six and one-half inches east of the lot line at the north end and two feet four and one-half inches east of the lot line at the south end. From this testimony, in connection with the uncontradicted testimony that the fence line had not been changed during the past sixty years, appellant contends that the decree takes from her and gives to appellees a strip of land approximately two feet in width which has never been in the possession of appellees or those under whom they claim title to the south half of said lot 9.

There is no evidence to warrant the finding that appellees' possession ever extended back 100 feet from the present east line of Clark street, but there is evidence which in our opinion clearly shows that the distance between the lot line and appellees' fence was more than two feet six and one-half inches. In order to clearly understand the force and effect of the testimony relating to the extent of appellees' possession it is necessary to have a correct understanding of the location of the lots and alley in block 125 of said School Section addition with reference to the location of said block 126 of that addition.

Block 125 adjoins block 126 on the north, the south line of block 125 coinciding with the north line of block 126. These two blocks, in fact, constitute but one block of ground, which is bounded on the north by Harrison street, on the east by Federal street, on the south by Polk street and on the west by Clark street. After the widening of Clark street block 125 was subdivided. That portion of

the block lying north of the western and middle tiers of lots in block 126 (being the portion between Clark and Federal streets) was divided into two tiers of lots with a 10-foot alley between the tiers. One tier of lots fronted west on Clark street, and, according to the plat of the sub-division, extended east from Clark street 100 feet to the 10-foot alley. The other tier of lots fronted east on Fed-eral street, and, according to the plat, extended west from Federal street 100 feet to the 10-foot alley. This alley opened north into Harrison street.

The witnesses all agree that the alley which has become established by user through block 126 from the north line of the block south to Polk street is on a direct line with the alley laid out in block 125. Appellees' witnesses, con-sisting chiefly of persons who more than twenty years ago resided on some one of the lots in block 126, testified that the boundary lines of the alley extending from Harrison street to Polk street were clearly defined by fences, sheds and barns, which extended in a continuous straight line on each side of the alley from Polk street to Harrison street. The plat made by Greeley from his survey does not show the fences and sheds on the west side of the alley through block 126 to be on a continuous straight line, but shows that in some places along the alley sheds and fences extend two feet further east than the fence in the rear of the ap-pellees' premises. It appears, however, that a number of years ago the alley was filled and graded to a height from two to three feet above the surface of the lots, and that the travel through the alley has gradually forced the fill outside of the original lines and against the fences, causing the fences on the west side of the alley to lean to the west. Greeley testified that the fences along the alley when he made his survey were in all sorts of conditions,—that some of them leaned considerably,—but he did not remember specifically the condition of the fence in the rear of lot 9. He further testified that in obtaining the distances shown

·on his plat between the lot lines and the fences he made his measurements about the surface of the alley, and that if a post was leaning over at an angle of thirty degrees the measurement might be off from the line at the foot of the post something like 1½ feet. The time at which Greeley obtained the distances shown on his plat and the location of the place on the fence at which the measurements were taken may explain the discrepancy between his testimony and the testimony of appellees' witnesses concerning the location of the fence line. In our opinion the testimony of appellees' witnesses regarding the conditions which existed in the alley from at least 1885 until a comparatively recent date is entitled to more weight in determining the west line of the alley in the rear of appellees' premises than the testimony of Greeley. It appears from the evidence that on two occasions the city of Chicago paved the alley from Harrison street to Polk street, and levied special assessments against the lots fronting on Clark street, as well as those fronting on Federal street, to defray the cost thereof. The first pavement was laid in 1854, and the record of the proceedings for the construction of that pavement shows that the alley to be paved was 10 feet in width. The second pavement, constructed of cedar blocks laid within lines 10 feet apart, formed by two-inch planks laid on edge on the east and west sides of the alley, was constructed in 1885. The testimony shows that the planks which formed the western line of this 10-foot pavement did not in every instance extend to the fences and sheds along the west line of the alley, and that where such condition existed, posts were driven in the ground at the outer edge of the planks to maintain them in position, or, in case of a wooden building, wooden wedges or blocks were placed in the space between the planks and the buildings. Such spaces between the pavement and the fences or buildings remained a part of the alley, and the lot owners west of the alley obtained no title thereto, as they were not in the exclusive possession

thereof. The proof offered by appellees shows that their fence did not extend to the west line of this pavement, and that there was a space of approximately six inches between their fence and the plank which formed the west line of the pavement. This six inches being a part of the alley, appellant owns the fee therein and has a right to make such use of it as will not interfere with its use as a public alley. The decree, however, takes this six-inch strip away from appellant and gives it to appellees, and to that extent the decree is erroneous.

No proof whatever was made by either party showing any actual measurement from the east line of Clark street to appellees' fence, nor from the east line of Clark street to the west line of the cedar block pavement. The fence having been removed by the appellant in 1912 is no longer a monument showing the east line of appellees' possession, and the cedar block pavement has long since disappeared. It is, however, reasonably certain that the cedar block pavement was laid between the lines of the alley in block 125 produced south from Harrison street, and that appellees' possession extended to a line six inches west of the west line of the pavement. A decree so fixing the east line of appellees' premises is the proper decree to be entered in this cause instead of one fixing such line 100 feet east of the present east line of Clark street.

The decree of the circuit court is reversed and the cause remanded to the circuit court, with directions to enter a decree declaring and quieting appellees' title to the south half of said lot 9, extending from the present east line of Clark street east to a line six inches west of the west line of the alley in said block 125 produced south from Harrison street, and declaring and quieting appellant's title to the south half of said lot 8 from the west line of Federal street to said line six inches west of the west line of the alley in said block 125 produced south from Harrison street, subject, however, to the right of the public and adjoining lot own-

268 — 14

ers to use as an alley all that portion of the south half of said lot 8 lying between the east line of the alley in said block 125 produced south from Harrison street and a line six inches west of the west line of the alley in said block 125 produced south from Harrison street.

*Reversed and remanded, with directions.*